**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 21, 2017

LETTER TO COUNSEL

RE:  *Brian James v. Commissioner, Social Security Administration*;
     Civil No. SAG-16-2466

Dear Counsel:

On July 1, 2016, Plaintiff Brian James petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 17, 23). In addition, I have reviewed Plaintiff's supplemental briefing regarding the impact of the Fourth Circuit's recent decision in *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017), and the Commissioner's response thereto.[1] (ECF Nos. 24, 25). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's decision. This letter explains my rationale.

Mr. James filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on March 24, 2010. (Tr. 119-29). He alleged a disability onset date of July 1, 2008. *Id*. His claims were denied initially and on reconsideration. (Tr. 91-96, 99-102). A hearing was held on December 3, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 26-68). Following the hearing, the ALJ determined that Mr. James was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 9-25). The Appeals Council ("AC") denied Mr. James's request for review. (Tr. 1-6). However, on appeal, this Court remanded the case for further consideration. (Tr. 757-59). A second hearing was held on December 22, 2015. (Tr. 705-56). Following that hearing, on March 25, 2016, the ALJ again determined that Mr. James was not disabled during the relevant time frame. (Tr. 678-704). The AC denied Mr. James's request for review, (Tr. 659-60), so the ALJ's 2016 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. James suffered from the severe impairments of "bilateral carpal tunnel syndrome, atrial fibrillation, type 2 diabetes mellitus (insulin dependent), degenerative

---

[1] The parties were notified of the potentially relevant ruling in *Lewis* in a letter order dated June 5, 2017. (ECF No. 22). The letter order provided the parties an opportunity to determine whether supplemental briefing was necessary to address the apparent *Lewis* issue. Plaintiff filed his supplemental brief on June 15, 2017, (ECF No. 24), and the Commissioner timely filed her response on June 22, 2017. (ECF No. 25).

*Brian James v. Commissioner, Social Security Administration*
Civil No. SAG-16-2466
July 21, 2017
Page 2

disc disease, and bipolar disorder." (Tr. 683). Despite these impairments, the ALJ determined that Mr. James retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no climbing of ladders, ropes, or scaffolds; occasional climbing of stairs or ramps; occasional stooping, crouching, crawling, or kneeling; frequent bilateral handling, or grasping; and work limited to simple, routine tasks with few, if any, workplace changes and occasional interaction with the public.

(Tr. 685). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. James could perform work existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 693-94).

On appeal, Mr. James argues that the ALJ failed to properly evaluate the medical source opinions. (ECF No. 17, pp. 10-18). I also asked the parties to consider whether the case was impacted by the recent ruling in *Lewis*. After reviewing the parties' supplemental submissions, I am persuaded that *Lewis* does not require remand of this case because the ALJ adequately assessed Mr. James's credibility. Also, the ALJ properly assigned weight to the medical opinions.

As background, on June 2, 2017, the United States Court of Appeals for the Fourth Circuit published its opinion in *Lewis*. The Fourth Circuit determined that remand was required, in part, because "[t]he ALJ's decision applied an improper legal standard to discredit [the claimant's] [credibility]." *Lewis*, 858 F.3d at 870. Specifically, the Fourth Circuit held that the ALJ improperly discounted the claimant's subjective complaints "based solely on the lack of objective evidence" supporting the claimant's assertions. *Id.* at 866. Social Security regulations do not permit an ALJ to "reject [a claimant's] statements about the intensity and persistence of [] pain or other symptoms or about the effect [those] symptoms have on [a claimant's] ability to work *solely* because the available objective medical evidence does not substantiate [his or her] statements." *Id.* (citing 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)) (emphasis added); *see* SSR 96-7p, 1996 WL 374186, at *1 ("An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence."). Rather, the Fourth Circuit emphasized that the ALJ failed to "explain in his decision what statements by [the claimant] undercut [the] subjective evidence…as limiting [the claimant's] functional capacity." *Lewis*, 858 F.3d at 866. Accordingly, the *Lewis* Court determined that remand was necessary because the ALJ failed to cite sufficient evidence of the claimant's own statements to discredit her credibility.

In this case, the ALJ found that Mr. James's statements regarding his symptoms were "not entirely credible." (Tr. 686). Mr. James argues that the ALJ failed to "explain in her decision what statements by [Mr. James] undercut his subjective [statements]," and that, therefore, remand is warranted. [ECF No. 24, p. 4]. However, the Commissioner contends that *Lewis* does not require an ALJ to support an adverse credibility finding with evidence of a

*Brian James v. Commissioner, Social Security Administration*
Civil No. SAG-16-2466
July 21, 2017
Page 3

claimant's subjective statements. [ECF No. 25, p. 4]. Instead, the Commissioner argues that the support of other record evidence, such as medical opinion evidence and treatment records, independently satisfies the Fourth Circuit's mandate in *Lewis*. *Id.* (arguing that "*Lewis* has no bearing on this case because the ALJ identified proper rationale in support of the credibility finding other than just objective medical evidence, noting that treatment for Plaintiff's musculoskeletal issues had been conservative; [and] that Plaintiff cited [the treating physician's] opinion to support his claim that he could not perform even sedentary work, but that opinion was based on expected absenteeism and the ALJ found that the opinion was not credible or persuasive[.]").[2] Regardless, the Commissioner contends that, even if Mr. James were correct, the ALJ properly assessed Mr. James's credibility based on his subjective statements. *Id.*

The precise scope of the *Lewis* ruling need not be determined in the instant case because the ALJ expressly cited sufficient evidence of Mr. James's subjective statements to discount his credibility. Specifically, the ALJ in this case relied on several of Mr. James's own statements to find that his claims were inconsistent with his allegations of physical and mental symptoms, and explained how his statements were inconsistent with his claims. For example, the ALJ noted that Mr. James reported he "was doing 'relatively well' with good sleep and self esteem[.]" (Tr. 688); *see*, *e.g.*, *id.* (noting Mr. James's admission that he "was feeling well"); (Tr. 689) (noting a follow up examination in which Mr. James admitted he was still doing "relatively well"); (Tr. 690) (noting that Mr. James's admitted he "was generally doing well and denied any cardiovascular symptoms"). In addition, the ALJ noted Mr. James's admission that "his blood sugar levels were 'great,'" "that he had been motivated to stay active," and that he was compliant with his medications. (Tr. 688). Moreover, the ALJ noted that, although "[Mr. James] testified to experiencing significantly debilitating fatigue, [he] did not report this to his various treatment providers to possibly try another course of treatment." (Tr. 692). Furthermore, the ALJ noted that although Mr. James had testified to "living in a shelter environment[,]…he reported to Dr. Fishburne that he lived with his fiancée." *Id.* Thus, the ALJ adequately "explain[ed] in [her] decision what statements by [Mr. James] undercut [the] subjective evidence…as limiting [his] functional capacity." *Lewis*, 858 F.3d at 866. Moreover, the ALJ provided substantial objective record evidence to support her conclusion. *See* (Tr. 685-90); *see also* SSR 96-7p, 1996 WL 374186, at *6 (noting that "the absence of objective medical evidence supporting an individual's

---

[2] In *Lewis*, the ALJ also cited other categories classified as non-objective under the regulations. Social Security regulations define "objective medical evidence" as "medical signs, laboratory findings, or both." 20 C.F.R. §§ 404.1502(f), 416.902(k). The regulations note that "other evidence" includes a claimant's statements, medical and non-medical source opinions, medication histories, treatment records, and admitted daily activities. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). In *Lewis*, the ALJ noted that "the claimant reported significant but transient relief of her pain symptoms." *Lewis*, 858 F.3d 858 at (Tr. 25). The ALJ also noted that "the claimant stated that her left upper extremity shakes but noted no other problems with the functioning of her arms or legs." *Id.* at (Tr. 26). The ALJ further noted that, although "the claimant reported ongoing pain that was 10/10 in severity," she "denied numbness, tingling, or weakness." *Id.* Moreover, the ALJ noted that "the claimant reported significant [postoperative] improvement in her symptoms within 24 hours," conceded "that the numbness and tingling of her hand was gone," and admitted "occasional help with offered injections." *Id.* at (Tr. 27). Furthermore, the ALJ noted that, "[i]n spite of her ongoing pain," the claimant admitted that she "retain[ed] the capacity to take care of most personal needs, drive short distances of up to 30 miles, shop for groceries with the assistance of her mother or roommate, handle her finances, and watch television." *Id.* at (Tr. 28). Despite the ALJ's citation to this traditionally non-objective evidence, the Fourth Circuit deemed the ALJ's opinion deficient.

*Brian James v. Commissioner, Social Security Administration*
Civil No. SAG-16-2466
July 21, 2017
Page 4

statements about the intensity and persistence of pain or other symptoms is [] one factor that the adjudicator must consider in assessing an individual's credibility."); *see Hines v. Barnhart*, 453 F.3d 559, 565 n. 3 (4th Cir. 2006) (citation omitted). Accordingly, the ALJ properly assessed Mr. James's credibility. Remand on this basis is therefore unwarranted.

The *Lewis* Court also found remand appropriate because the ALJ failed to properly evaluate the opinions of the treating physicians. *Lewis*, 858 F.3d at 866-68. Specifically, the Fourth Circuit determined that the ALJ failed to adequately explain why he did not assign the opinions of the claimant's treating physicians controlling weight. *Id.* A treating physician's opinion is given controlling weight when two conditions are met: (1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and (2) it is consistent with other substantial evidence in the record. *Lewis*, 858 F.3d at 867 (citing 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)). Social Security regulations require an ALJ to assign "more weight" to a treating physician's opinion "[w]hen the treating source has seen [the claimant] a number of times and long enough to have obtained a longitudinal picture of [the claimant's] impairment[.]" *Id.* However, where a treating source's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590.

In *Lewis*, the ALJ assigned "partial weight" to the opinions of the treating physicians. *See Lewis*, 858 F.3d at 867. However, the Fourth Circuit determined that "[t]he ALJ offered no record evidence supporting that conclusion." *Id.* In so holding, the Fourth Circuit noted that the ALJ failed to cite evidence "that any non-treating sources disputed that the medical opinions of [the treating physicians] were not 'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'" *Id.* (citation omitted). In addition, the Fourth Circuit noted that "the ALJ's analysis span[ned] only four lines and overlook[ed] critical aspects of [the claimant's] medical treatment history," such as the consistency of the treating physicians' opinions. *Id.* Moreover, the Fourth Circuit noted that "all of the medical professionals who examined [the claimant]," including several State agency consultants, "provided opinions consistent with her treating physicians[.]" *Id.* at 868. Ultimately, the *Lewis* Court held that the ALJ "substituted a subjective decision for that of the overwhelming medical evidence" and "fail[ed] to appreciate the consistent prognosis of [the claimant's] treating physicians in contravention of the mandate that 'controlling weight' be accorded to such opinions." *Id.* Consequently, the Fourth Circuit determined that remand was warranted.

The instant case is distinguishable, and does not require remand, because the ALJ properly evaluated the opinion of the treating physician, Dr. Smith. Dr. Smith opined that Mr. James had "mild limitation of activities of daily living; marked limitation of social functioning and concentration, persistence, and pace; and three episodes of decompensation, each of extended duration." (Tr. 688) (internal citation and quotation marks omitted). In addition, Dr. Smith opined that "[Mr. James] had a depressive syndrome with anhedonia, sleep disturbance, decreased energy, and difficulty thinking or concentrating, as well as a manic syndrome with easy distractibility and 'involvement in activities that have a high probability of painful consequences which are not recognized.'" *Id.* Moreover, Dr. Smith opined that "[Mr. James's]

*Brian James v. Commissioner, Social Security Administration*
Civil No. SAG-16-2466
July 21, 2017
Page 5

ability was 'poor to none' in terms of following work rules, relating to co-workers, dealing with the public, using judgment with the public, interacting with supervisors, dealing with work stress, functioning independently, maintaining attention and concentration, and understanding, remembering, and carrying out even simple job instructions." *Id.*

The ALJ assigned Dr. Smith's opinion "little weight" because it was inconsistent with the medical evidence. (Tr. 691). Most significantly, the ALJ noted that "[Dr. Smith's] highly restrictive findings [were] not consistent with his treatment notes throughout 2012, which routinely indicated that [Mr. James] was stable and compliant with his medications." *Id*. Indeed, Dr. Smith's treatment notes belie the severity of his findings. For example, Dr. Smith noted that Mr. James was "doing relatively well," maintained "pretty good" self-esteem, demonstrated a "[p]leasant, relaxed" disposition, and enjoyed a "10/10" mood. (Tr. 625). Dr. Smith also noted that Mr. James was compliant with his medications, (Tr. 626-28), and reported "feeling stable" despite his symptoms, (Tr. 636). In addition, the ALJ noted that "[Dr. Smith's] notes [did] not provide support for [his] assertion that [Mr. James] experienced a manic syndrome with easy distractibility[.]" (Tr. 691). Moreover, the ALJ found no evidence to support Dr. Smith's opinion that Mr. James was "'involve[d] in activities that have a high probability of painful consequences which are not recognized.'" *Id.* To the contrary, the ALJ noted that "[t]here [was] no documentation of involvement in such activities at any point in the record[.]" *Id.* Furthermore, Dr. Smith's opinion stood in stark contrast to the opinion of the consultative psychiatric examiner, Dr. Fishburne, whose examination aligned with the findings in Dr. Smith's treatment notes. (Tr. 692). These inconsistencies, in addition to others cited by the ALJ, provide sufficient justification for the ALJ's decision to accord only "little weight" to Dr. Smith's opinion.

Finally, Mr. James contends that the ALJ erroneously relied on the opinion of a State agency consultant, Dr. Biddison. Dr. Biddison opined that Mr. James was limited to "light work." (Tr. 691). The ALJ assigned Dr. Biddison's opinion "some weight" based on Mr. James's "generally unremarkable physical examination findings," balanced by his "somewhat uncontrolled diabetes mellitus," and "recent diagnosis of atrial fibrillation and initiation of rhythm-control anticoagulation therapy." *Id.* However, the ALJ determined that Dr. Biddison's opinion was insufficiently restrictive and that "additional postural limitations [were] warranted…given the subsequent difficulties with carpal tunnel syndrome and neck and back pain." *Id*. Contrary to Mr. James's assertion, the ALJ supported her evaluation of Dr. Biddison's opinion with substantial evidence. *See*, *e.g.*, (Tr. 690) (noting MRI evidence showing "spondylitic changes with broad disc bulges and mild to moderate forminal narrowing[.]"); *id*. (noting that Mr. James "had a consultation regarding his carpal tunnel syndrome, during which he was again recommended carpal and cubital tunnel release surgery."); *id*. (noting that "EKG revealed that [Mr. James] was 'back in atrial flutter,' and he was referred for possible repeat ablation.").

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if

...

*Brian James v. Commissioner, Social Security Administration*
Civil No. SAG-16-2466
July 21, 2017
Page 6

there is other evidence that may support Mr. James's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Accordingly, the ALJ properly evaluated the medical source opinions and supported her conclusions with substantial evidence. Remand is therefore unwarranted.

For the reasons set forth herein, Mr. James's Motion for Summary Judgment (ECF No. 17) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 23) is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is AFFIRMED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge